IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DR. MAHENDRA AMIN, M.D., | |
| Plaintiff, | CIVIL ACTION NO.: 5:24-cv-22 |
| v. | |
| RACHAEL O'BRIEN, MORBID: A TRUE CRIME PODCAST LLC, WONDERY, LLC, and AMAZON.COM, INC., | |
| Defendants. | |

**PROTECTIVE ORDER**

The parties filed a Joint Motion for Protective Order. Doc. 83. Having fully considered the parties' request and for good cause shown, the Court **GRANTS** the Motion, subject to the following modifications:

(1) The Court and its authorized personnel are not parties to the agreement and are not bound by its terms;

(2) Nothing in this Protective Order shall be construed as relieving any party from the obligation imposed by Local Rule 79.7 to file a motion seeking the sealing of confidential documents; and

(3) Nothing in this Protective Order shall be construed as limiting the Court's discretion to determine whether evidence should be protected from public disclosure in contravention of the strong presumption in favor of access to court records.

It is further **ORDERED**:

The following Order shall govern the production or provision of confidential information or things by the parties in this case and any third parties (provided such third parties recognize and agree to be bound by the procedures and requirements herein) for the purpose of responding to discovery requests or inquiries (to include but not be limited to interrogatories, requests for document production, requests for admissions, responses to subpoenas duces tecum, and depositions) and preparation for trial. Under this Order, the parties or third parties have the power to designate certain information as "Confidential Information." The parties or third parties shall designate information as "Confidential Information" only in good faith.

## DEFINITIONS

**I.**     "Non-Protected Information," as used herein, shall refer to all information that is not subject to a claim of privilege or confidentiality, whether it be the attorney-client privilege, work product, trade secrets, or other confidential research, development, or commercial information, or otherwise.

**II.**     "Confidential Information" as used herein means information that is designated (based on the conditions herein) by the supplying party as "Confidential," whether it be confidential information, a document, information contained in a document, information revealed during a deposition (including transcripts and exhibits), information revealed in an interrogatory answer, or otherwise. Specifically, "Confidential Information" shall refer to nonpublic confidential or proprietary information that is not generally available, including without limitation trade secrets, proprietary or confidential research, development, business, financial or commercial information, or trademark and/or copyright information used in or relating to such party's business believed to be unknown or unavailable to the public including the type of information Federal Rule of Civil Procedure 26(c) or case law decided thereunder contemplate. "Confidential Information" may

also mean information that constitutes "protected health information" under 45 C.F.R. § 160.103 and other provisions of the Health Insurance Portability and Accountability Act ("HIPAA") and its enabling regulations.

**III.** "Supplying party," "designating party," and "producing party" are used interchangeably herein and refer to the party making information (confidential and/or nonprivileged) available.

**IV.** "Qualified person(s)" as used herein means:

    **A.** Attorneys of record in this proceeding and any associated outside counsel agreeing to be bound by the terms of this Protective Order.

    **B.** Any person retained or consulted by a party or its attorneys of record in this proceeding as an "independent expert," who is not a competitor, employed by a competitor, or an agent of a competitor of the supplying party, and who is not employed by or associated with either party (other than for purposes of this litigation), and who agrees in writing to be bound by the terms of this Protective Order. The independent expert must complete and sign a confidentiality statement in the form of Exhibit A, attached. A copy of the statement must be served on the supplying party with the expert disclosure. For experts who have reviewed the materials but have not been disclosed, if any, the parties will provide the names and signed confidentiality statements upon request within 30 days of the conclusion of the lawsuit.

    **C.** The officers, directors, and employees (including in-house counsel) of a party in this proceeding to whom disclosure is reasonably necessary and who agree to be bound by the terms of this Protective Order.

      **D.**      Court reporter(s) and videographer(s) employed in this action.

      **E.**      The Court and necessary Court personnel, any juror, or any other entity authorized by the Court or required by law.

      **F.**      Any other person other than a person defined in ¶ C who is designated as a qualified person by Order of this Court, after notice to all parties (and third parties, if applicable), or who, by agreement of the parties (or third parties, if applicable), is designated as a qualified person.  Any person designated under this subparagraph must complete and sign a confidentiality statement in the form of Exhibit A, attached.  A copy of the statement must be served on the other party (or third parties, if applicable) before access is allowed to the Confidential Information.

      **G.**      Employees of attorneys of record in this proceeding, as well as any copy or computer service assisting counsel in this action.

      **H.**      The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**"CONFIDENTIAL" DESIGNATION**

**I.**      Documents and things produced that contain Confidential Information may be designated as such by marking each page of the document or thing at or before the time of production substantially as follows: "CONFIDENTIAL" or "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER."  In lieu of marking the original documents, the supplying party may mark the copies that are produced or provided.

**II.**      Information disclosed at a deposition (as well as through resulting deposition transcripts and exhibits) of a party or third party, the present or former officers, directors, employees,

agents, or independent experts retained by a party for purposes of this proceeding, or a third party in possession of confidential information of a party, may be designated as "Confidential" by: (1) indicating on the record at the deposition that the testimony is "Confidential" or "Confidential−Subject to Protective Order" and is subject to the provisions of this Order; or (2) following the procedure set forth below in § IX.

**III.** Any information designated as "Confidential" or "Confidential—Subject to Protective Order" shall not be made available by the party receiving it to any persons or entities other than qualified persons.

## PROVISIONS APPLICABLE TO CONFIDENTIAL INFORMATION

**I.** Except as set forth herein, documents produced that are designated "Confidential" as set forth herein shall be so designated at the time of furnishing to prevent dissemination or disclosure.

**II.** In designating information as "Confidential" the designating party will make such designation only as to those documents or information that the designating party believes contains Confidential Information. In the event the party receiving information designated as "Confidential" objects to such designation, the party shall notify the designating party in writing as to the specific objections, itemizing them with particularity, along with the basis (both factual and legal) for the objection. The designating party shall provide the receiving party with written notice within seven business days on whether it agrees to lower the designation. If the designating party does not respond within the seven business days, the applicable information shall be treated as if the receiving party's objections were sustained. Notice will be sent via electronic mail to all counsel for the party and if sent after 5:00 p.m., the notice will be deemed to have been sent the following business day for the purpose of calculating seven business days.

If the parties do not agree, they shall then confer in a good faith effort to resolve their differences and shall, if necessary, agree to the implementation of procedures to orderly advance and promote discovery while maintaining each party's proprietary interest. In the event the parties are not able to reach an agreement under this provision, the designating party must notify the Court of the discovery dispute in accordance with the Local Rules in order to maintain the designation within seven days after the parties confer, in which event disclosure shall not be made until the Court rules or the parties agree that such disclosure may be made. If the designating party fails to notify the Court of the discovery dispute within seven days after the parties confer, the information shall be treated as if the receiving party's objections were sustained.

III.    When a party seeks to disclose Confidential Information to a person who is being deposed who is not a "qualified person" as defined in § IV above, the following procedures must be followed: The party seeking to disclose such material must first identify this person in writing to opposing counsel, including, if known, reasonable information to sufficiently identify the person in addition to the person's name, and any other reasonable information, if known, as requested by the other party. The other party must notify the party seeking approval in writing, within five business days after the person has been "identified," as to either its agreement that the person may be shown the material at issue or the reasons for withholding approval. Approval shall not be unreasonably withheld. The parties shall use their best efforts to resolve the matter without resort to the Court. The disclosure of any Confidential Information to the person must be withheld pending the ruling of the Court or the written agreement of the objecting party.

IV.    Nothing herein is intended in any way to restrict the ability of the receiving party to use Confidential Information produced to it in examining or cross-examining any employee, former

employee, agent or expert of the producing party, or any person who authored or was a prior recipient of the Confidential Information, subject to the requirements of this Protective Order.

**V.** Nothing shall prevent disclosure beyond the terms of this Order if the party designating the information as Confidential Information consents, in writing, to such disclosure, or if the Court, after notice to all parties, and subject to all parties' appellate rights, orders such disclosure. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of this action, whether such material is also obtained through discovery in this action or from disclosing its own Confidential Information as it deems appropriate. This Order shall not restrict the disclosure of material that: (1) is in the public domain at the time of disclosure; (2) becomes part of the public domain after the time of disclosure, through no fault of the receiving party; (3) was received from a third party who was under no obligation of confidentiality to the producing party; or (4) is derived or obtained independently of the disclosure, any of which the receiving party shall have the burden of proving.

**VI.** If a third party, through discovery procedures, supplies material to a party to the action that is subject to a claim of confidentiality, the terms of this Order shall apply to such material to the same extent as if it had been produced by a party, provided such third party recognizes and accepts the procedures herein. Nothing herein shall be taken to imply that a failure of a third party to agree to the terms and provisions of this Order shall constitute a waiver of any party's pre-existing rights to confidential treatment of any documents or other information produced by a third party through discovery procedures in this action.

**VII.** Subject to the provisions of § X, no party shall be responsible to another party for any use made of information produced and not designated as Confidential Information.

**VIII.** Any information designated as Confidential Information, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from the material so designated shall not be used by the other party for any purpose other than in connection with advancing this proceeding.

**IX.** In addition to previous provisions herein relating to Confidential Information disclosed at a deposition, and unless otherwise stated on the record, all depositions shall be treated as Confidential Information for a period of 10 business days after a full complete transcript of said deposition is available, during which period counsel for any party believing the deposition to contain Confidential Information not already designated on the record, shall so designate such portions, by page and line numbers, in a writing served upon counsel for the opposing party. Such designated portions shall be treated in accordance with the provisions herein for said Confidential Information. The time period set forth in this paragraph may be shortened or enlarged by written consent of the parties.

**X.** The inadvertent or unintentional disclosure by a supplying party to the receiving party of Confidential Information, regardless of whether the information was so designated at the time, will not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. However, a party who inadvertently or unintentionally discloses Confidential Information shall, within three business days from the date of discovery of such inadvertent or unintentional disclosure, designate such Confidential Information appropriately, notifying the opposing party of the same in writing, along with a written explanation as to the circumstances concerning the inadvertent or unintentional disclosure and its discovery, including the date. The party who inadvertently or unintentionally discloses said Confidential Information

shall make every reasonable effort to prevent any further disclosure by it or by the person who was the recipient of such Confidential Information. The designated information shall thereafter be treated subject to its designation.

**XI.** A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

**XII.** The inadvertent or unintentional disclosure by a supplying party to the receiving party of information subject to the attorney-client privilege and/or the work product doctrine (collectively "Privileged Information"), regardless of whether the information was so designated at the time, will not be deemed a waiver in whole or in part of a party's claim of privilege, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. However, a party who inadvertently or unintentionally discloses Privileged Information shall, within three working days from the date of discovery of such inadvertently or unintentional disclosure, designate such Privileged Information appropriately, notifying the opposing party of the same in writing. The party who inadvertently or unintentionally receives said Privileged Information shall make every reasonable effort to prevent any further disclosure by it or by the person who was the recipient of such Privileged Information and shall return the Privileged Information to the supplying party and destroy any other copies thereof.

**XIII.** In the event that a party seeks to file under seal any paper or other matter, unless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other matter in a civil case shall file and serve a motion, the title of which includes the words "Motion to Seal" and that follows the procedures of Local Rule 79.7.

**XIV.** Subject to the Federal Rules of Evidence, Confidential Information may be offered in evidence at trial or any Court hearing, provided that the proponent of the evidence advises the other party of the confidential nature of the information prior to its offer. Without limiting the manner in which such notice may be provided, the inclusion of Confidential Information in a trial exhibit list or deposition designations for trial shall constitute notice under this paragraph. Any party may move the Court for an order that the evidence be reviewed in camera or under other circumstances to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded such information at the trial or hearing.

**XV.** In the event any Confidential Information is used in any Court proceeding in this action, it shall not by such use lose its confidential status through such use, and the party using such material shall take all steps reasonably available to protect its confidentiality during such use.

**XVI.** This Order shall be without prejudice to the right of the parties to bring before the Court at any time the question of whether any particular document or information is Confidential Information or whether its use should be restricted. Any such request must specifically and in detail identify the document or information at issue. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

**XVII.** Within two months after the conclusion of the trial and/or arbitration and any appeals taken in those proceedings, whichever is later, all originals or reproductions of any documents produced by a party containing Confidential Information shall be returned to the producing party or destroyed. A verified statement regarding the return or destruction of Confidential Information must be provided to the producing party by counsel of the party who returns or destroys the same. Insofar as the provisions of any protective orders entered in this action

restrict the trial and/or arbitration of this action or restrict the communication and use of the Confidential Information produced hereunder, such orders shall continue to be binding for a period of 20 years after the conclusion of this proceeding, except that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of this Protective Order or portions thereof.  Trial counsel for the parties may retain such Confidential Information as is necessary to have an accurate and complete record of the lawsuit including, at least, work copies of documents, pleadings, depositions, trial testimony, admissions and answers to interrogatories, except as otherwise provided in this Order or under the law.  Any such retained information shall continue to be treated as confidential and shall be subject to the terms of this Protective Order.

**XVIII.** Documents produced by one party that originated with the other, or that the other has a possessory or ownership interest (in the documents or in the information in the documents) may be designated by the other according to this Protective Order and shall be treated by the parties according to this Protective Order, except that they need not be returned according to § XVII.

**XIX.**   The designation of any material in accordance with this Order as constituting or containing Confidential Information is intended solely to facilitate discovery and the preparation of this action for trial of this action, and treatment of such material by counsel for the parties in conformity with such designation will not be construed in any way as an admission or agreement by any party that the designated material constitutes or contains any confidential or proprietary information.

**XX.**   This Order and its requirements for the treatment of protected material incorporate the requirements of, and shall be construed so as to comply with, 45 C.F.R. § 164.512(e)(1)(v) so as to constitute a qualified protective order under that section.  Notwithstanding any conflicting

provision in this Order, any discovery material that qualifies as "protected health information" under 45 C.F.R. § 160.103 may not be used or disclosed for any purpose other than this litigation, including all appeals, rehearings, remands, trials, or reviews of this action and must be returned to the relevant "covered entity" (as defined by 45 C.F.R. § 160.103) or destroyed (including all copies made) at the end of the litigation or proceeding.

**XXI.** An action for contempt arising out of any violation of this Order may be brought in United States District Court for this District.

**XXII.** This Order shall be without prejudice to the right of any person to object to the production of any discovery material on the basis that such material is protected as a privileged communication or work product.

**XXIII.** This Order shall be entered without prejudice to the right of any person to apply to the Court for such further protective orders under the provisions of the Federal Rules of Civil Procedure as justice may require.

   **SO ORDERED**, this 29th day of May, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

DR. MAHENDRA AMIN, M.D.,

    Plaintiff,

v.

RACHAEL O'BRIEN, MORBID: A TRUE CRIME PODCAST LLC, WONDERY, LLC, and AMAZON.COM, INC.,

    Defendants.

CIVIL ACTION NO.: 5:24-cv-22

## EXHIBIT A–CONFIDENTIALITY STATEMENT

UNDERTAKING OF: _____

STATE OF _____)

COUNTY OF _____)

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____ _____.

4. I have received a copy of the Protective Order in this case signed by United States Magistrate Judge Cheesbro on _____.

5. I have carefully read and understand the provisions of the Protective Order.

6. I will comply with all of the provisions of the Protective Order.

7. I will hold in confidence, and not disclose to anyone not qualified under the Protective Order, any Confidential Information or information derived therefrom, including words, substance summaries, abstracts, or indices of Confidential Information disclosed to me.

8. I shall return all materials containing Confidential Information and summaries, abstracts, and indices thereof, and copies thereof, that come into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed, retained, or otherwise designated as a qualified person under the Protective Order.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this case.

Dated: _____

_____
Signature

Subscribed and sworn to before me this \_\_\_ day of _____, 20\_\_.

_____
Notary Public, State of _____
County of: _____
My Commission Expires: _____